UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALCOM D. COBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00790-TWP-DLP |
| | ) | |
| MR. ROSELL, | ) | |
| MR. ADAMS, | ) | |
| LEEANN IVERS, | ) | |
| STACY SCOTT, | ) | |
| LISA BERGESON, | ) | |
| MR. KEENZLI, | ) | |
| DR. PAUL TALBERT, | ) | |
| DR. PERRY, | ) | |
| NP JANE WAMBRI, | ) | |
| RN GENIFER BRADLY, | ) | |
| CARRIE WELDER, | ) | |
| NURSE SAMANTHA MCABEE, | ) | |
| BECKY DAVIS, | ) | |
| MELISSA BAGIENSKI, | ) | |
| SHAWNA SHELBY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Malcom Cobb is an inmate currently confined at the Miami Correctional Facility (MCF). Because Mr. Cobb is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the

same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Cobb's complaint indicates that between April 2017 and February 2018, he suffered from multiple serious medical conditions, including a knee injury, a foot injury, and high blood pressure. During this period, he was confined at Pendleton Correctional Facility (PCF) and then MCF. The defendants are Wexford Health, a private company contracted to provide medical care to inmates at PCF and MCF, and medical professionals employed by Wexford to treat those inmates.

The complaint includes numerous allegations that medical professionals at these prisons refused to treat Mr. Cobb's conditions properly—and, in some cases, that they refused to treat his conditions at all. Examples include:

- Wexford and Dr. Paul Talbot refused to permit Mr. Cobb to receive a knee replacement recommended by an orthopedic surgeon;

- Dr. Merondet refused to examine Mr. Cobb during a scheduled appointment and maintained a course of treatment he knew to be ineffective;

- several medical professionals decreased medication used to treat Mr. Cobb's symptoms even though the symptoms persisted and—in some cases—refused to provide him with medication that had been prescribed; and

- several medical professionals refused to provide Mr. Cobb with bandages or other materials to cover an open wound on his foot.

2

Mr. Cobb also alleges that Nurses Davis and Bagienski told other inmates that he was a "snitch" and that Dr. Talbot punished him by withholding treatment, medication, and recreation time. Construed liberally, this may be read as an allegation that these defendants retaliated against Mr. Cobb for conduct protected by the First Amendment. Finally, Mr. Cobb alleges that many of the actions described above were directed by Wexford or its upper-level administrators or the consequence of a Wexford practice or policy of staffing the prison with too few medical professionals to provide adequate care.

### III. Claims that Shall Proceed

This action shall proceed with claims pursuant to 42 U.S.C. § 1983 that the following defendants were deliberately indifferent to Mr. Cobb's serious medical needs in violation of his Eighth Amendment rights: Dr. Paul Talbot, LeeAnn Ivers, Lisa Bergeson, Jane Wambri, Genifer Bradley, Becky Davis, Samantha McAbee, Melissa Bagienski, Shawna Shelby, Dr. Perry, and Dr. Merondet. The action shall also proceed with claims that Defendants Davis, Bagienski, and Talbot retaliated against Mr. Cobb for conduct protected by the First Amendment. Finally, the action shall proceed with a claim that Mr. Cobb's Eighth Amendment rights were violated as a consequence of official Wexford policies or practices.

### IV. Insufficient Claims

The complaint identifies several defendants not listed in Part III of this Order. These include Defendants Rosell, Adams, Scott, Keenzli, and Welder. The complaint does not include any factual allegations that these defendants were personally involved in denying Mr. Cobb adequate medical care or any other right. Individual liability under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851

3

F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Therefore, all claims against these individuals are dismissed.

Similarly, the complaint indicates that Corizon, Inc., contracted to provide medical care to inmates before April 1, 2017, but does not include any factual allegations that his rights were violated as a consequence of an official Corizon policy or practice before that date. Accordingly, to the extent the complaint asserts any claims against Corizon, they are also dismissed.

## V. Duty to Update Address

Mr. Cobb shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Cobb to communicate with him. If Mr. Cobb fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## VI. Summary of Claims, Issuance of Process, and Further Proceedings

This action shall proceed with (1) Eighth Amendment medical claims against Defendants Talbot, Ivers, Bergeson, Wambri, Bradley, Davis, McAbee, Bagienski, Shelby, Perry, and Merondet; (2) First Amendment retaliation claims against Defendants Davis, Bagienski, and Talbot; and (3) an Eighth Amendment policy-or-practice claim against Wexford. This summary of claims includes all viable claims identified by the Court. If Mr. Cobb believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 17, 2018**, in which to identify those claims.

The clerk is **designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Wexford Health; (2) Dr. Paul Talbot; (3) LeeAnn Ivers; (4) Lisa Bergeson; (5) Jane Wambri; (6) Genifer Bradley; (7) Becky Davis; (8) Samantha McAbee; (9) Melissa Bagienski; (10) Shawna Shelby; (11) Dr. Perry; and (12) Dr. Merondet in the manner specified by

Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to update the docket to reflect that the twelve defendants enumerated in the preceding paragraph are the defendants in this action and terminate all other defendants previously identified on the docket.

Finally, Mr. Cobb's motion for information, dkt. [8], is **granted** insofar as this Order informs him that the complaint has been screened and that process will be issued to the defendants.

**IT IS SO ORDERED.**

Date: 8/22/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MALCOM D. COBB, JR.
231767
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Wexford Health
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Dr. Paul Talbot
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

LeeAnn Ivers
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Lisa Bergeson
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Jane Wambri
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Genifer Bradley
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Becky Davis
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Samantha McAbee
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Melissa Bagienski
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Shawna Shelby
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Dr. Perry
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Dr. Merondet
Medical Provider
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

Courtesy copy by electronic service to:

    Douglass A. Bitner
    Katz Korin Cunningham, P. C.
    dbitner@kkclegal.com